# EXHIBIT A

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|// 

| STATE OF MICHIGAN<br>17th JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>Kent COUNTY PROBATE | SUMMONS | CASE NO.<br>22-02397-CZ |
|---|---|---|

**Court address**
180 Ottawa Ave. NW, Grand Rapids, MI 49503

**Court telephone no.**
616-632-5220

Plaintiff's name(s), address(es), and telephone no(s).
Jermaine Davis

v

Defendant's name(s), address(es), and telephone no(s).
Named & Unnamed GRPD officers
City of Grand Rapids, MI
Grand Rapids, MI Police Dept

Plaintiff's attorney, bar no., address, and telephone no.
Law Offices of Tyrone Bynum PLLC
161 Ottawa Ave NW
Ste # 309
Grand Rapids, MI 49503 (616)608-7402

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.    **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>MAR 17 2022 | Expiration date<br>JUN 16 2022 | Court clerk<br>LISA POSTHUMUS LYONS |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19) **SUMMONS**    MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

Case No. 22- 0397-CZ

Judge Quist

JERMAINE WILL DAVIS,

    Plaintiffs,

COMPLAINT FOR DAMAGES

V,

CITY OF GRAND RAPIDS, ~~Grand Rapids~~ Police Department TSB
and

DOUGLAS STEVENS,
Officer, Grand Rapids Police Department,
RESPONDING OFFICER ON 3/18/2021
Officer, Grand Rapids Police Department,
OFFICER SAXE
Officer, Grand Rapids Police Department
OFFICER J. SMITH
Officer, Grand Rapids Police Department
GRANT ABRAHAM #560
Officer, Grand Rapids Police Department
ANDREW MIDDLETON #062
Officer, Grand Rapids Police Department
KAYLYN STEPHENS #207
Officer, Grand Rapids Police Department
SERGEANT ALCALA
Officer, Grand Rapids Police Department
UNKNOWN NAMES OF OFFICERS AT TIME COMPLAINT WAS FILED
Officers, Grand Rapids, Police Department
ZACHARY GREGORY #064
Officer, Grand Rapids Police Department
OFFICER SHAWN HARMON #045
Officer, Grand Rapids Police Department

    Defendants.

## COMPLAINT

JERMAINE WILL DAVIS for his Complaint hereby alleges as follows:

## PARTY

1. Plaintiff JERMAINE DAVIS, an African-American, is a citizen of the State of Michigan and is a resident within the United States District Court Western District of Michigan.

2. At all relevant times, Defendant CITY OF GRAND RAPIDS is a municipal corporation under the laws of the State of Michigan and may be sued for the actions of their officers for acts of gross negligence pursuant to MCL 691.1407.

3. At all relevant times herein, the CITY OF GRAND RAPIDS possessed funding authority, final policymaking authority and training for the CITY OF GRAND RAPIDS, including the Grand Rapids Police Department.

4. At all relevant times, Defendant DOUGLAS STEVENS is and was a police officer with the Grand Rapids Police Department and operating under color of state law.

5. At all relevant times, Defendant RESPONDING OFFICER is and was a police officer with the Grand Rapids Police Department and operating under color of state law.

6. At all relevant times, Defendant OFFICER SAXE is and was a police officer with the Grand Rapids Police Department and operating under color of state law.

7. All relevant times, Defendant OFFICER J. SMITH is and was a police officer with the Grand Rapids Police Department and operating under color of state law.

8. All relevant times, Defendant GRAHAM ABRAHAM #560 is and was a police officer with the Grand Rapids Police Department and operating under color of

state law.

9. All relevant times, Defendant ANDREW MIDDLETON #602 is and was a police officer with the Grand Rapids Police Department and operating under color of state law.

10. All relevant times, Defendant KAYLYN STEPHENS #207 is and was a police officer with the Grand Rapids Police Department and operating under color of state law.

11. All relevant times, Defendant SERGEANT ALCALA is and was a police officer with the Grand Rapids Police Department and operating under color of state law.

12. All relevant times, Defendants UNKNOWN NAMES OF OFFICERS are and were police officers with the Grand Rapids Police Department and operating under color of state law.

13. At all relevant times, all actions taken by all of the Defendants herein were undertaken under color and authority of state law

14. At all relevant times, all actions taken by Officer ZACHARY GREGORY #064, Officer SHAWN HARMON #065, Officer DOUGLAS STEVENS, RESPONDING OFFICER ON MARCH 18, 2021, Officer SAXE, Officer J. SMITH, Officer GRANT ABRAHAM #560, Officer ANDREW MIDDLETON #062, Officer KAYLAN STEPHENS #207, and Officer SGT ALCALA were the direct and proximate result of the failure of the CITY OF GRAND RAPIDS to properly train members of the Grand Rapids Police Department, as to the constitutional rights and interest implicated here so as to constitute and demonstrate a deliberate indifference to the rights, privileges and immunities of those with whom they interact, including JERMAINE WILL DAVIS.

## JURISDICTION & VENUE

15. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

16. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b), as the Defendants are employed within this District, the Defendants transact business within this District and the conduct complained of occurred within this District.

## BACKGROUND FACTS

17. On or about March 18, 2021 at approximately 20:45 (08:45 PM) Plaintiff stopped at Joe's Party Store at 110 Hall SW, Grand Rapids, MI 49507 to purchase a money order.

18. Plaintiff was in Joe's Party Store for approximately 3 minutes.

19. After Plaintiff completed his purchase Plaintiff (Jermaine Will Davis) exited Joe's Party Store and entered his vehicle in the parking lot.

20. As Plaintiff was beginning to leave Joe's Party Store, a friend, Brenda Grubbs, pulled into the parking lot and noticed the Plaintiff's presence. Plaintiff and the friend (Brenda Grubbs aka BG) engaged in conversation while both were still sitting inside their respective vehicles.

21. After Ms. Grubbs expressed her appreciation for Plaintiff's vehicle Ms. Grubbs exited the vehicle she was in and climbed into Plaintiff's vehicle to get a closer look at the interior of Plaintiff's vehicle.

22. After approximately 2-3 minutes, Ms. Grubbs decided to exit Plaintiff's vehicle and Plaintiff left Joe's Party Store and initially headed south on Division. Plaintiff turned around on Division toward his residents.

23. As Plaintiff approached Cherry Street, while on Division Ave, he noticed police

lights in his rear view mirror. Plaintiff immediately pulled over to the right side of the road to only find he was being held at gun point.

24. Plaintiff was suddenly commanded to put his hands in the air, unlock his car door with his left hand, exit his car with his back to the police (when instructed to exit his vehicle Plaintiff informed the police he was restrained by his seatbelt to which the officers instructed Plaintiff to undo his seatbelt), spin around with his hands in the air, lift up his shirt, spin around again, walk backwards toward the police while keeping his hands in the air, to get down on his knees with his back toward the police, and then finally Plaintiff was commanded to lay face down on the ground. The whole time the police had their loaded guns out and pointed at Plaintiff for 3-5 minutes.

25. At this point officers handcuffed Plaintiff. The handcuffs were placed on Plaintiff's wrist very tightly. Plaintiff was then escorted to a police vehicle and, still at gun point, his person was searched while standing outside of the police vehicle. Plaintiff wasn't asked if he could be searched, nor was he informed as to why he was being stopped or what he was suspected of by the police up to this point. Once the search of Plaintiff's vehicle began officers holstered their guns.

26. At no time did any officer make any statement to Plaintiff or give any indication that the use of handcuffs were necessary to secure the scene in order to first assure officer safety.

27. Plaintiff, while still handcuffed, was then shoved into the back seat of a police car. At this time several police officers and a K-9 unit began an internal and external search of Plaintiff's vehicle, even though Plaintiff wasn't presented a valid Search Warrant nor was Plaintiff asked for permission by police if they could search Plaintiff's vehicle.

28. Once in the police vehicle and after the search of Plaintiff's vehicle began, Plaintiff began to feel safe enough to ask two officers near the police car Plaintiff was being forcibly detained in, why Plaintiff was being forcibly detained. The two officers near Plaintiff didn't immediately explain to Plaintiff what was going on.

29. As a result, Plaintiff began to experience what he believed was a panic attack.

30. One officer responded, to Plaintiff's question, that a Detective would come down to explain what was going on. But no Detectives ever came to Plaintiff or provided Plaintiff an explanation for why he was being forcibly detained for 45-60 minutes.

31. After Plaintiff was detained for 45-60 minutes, while continuously asking officers why Plaintiff was being detained, handcuffed, with his freedom and liberty restrained, two officers approached the vehicle that the Plaintiff was being detained in and removed Plaintiff from the vehicle and uncuffed Plaintiff.

32. The main officer searching Plaintiff's vehicle pulled Plaintiff to the side, away from the other officers, whispered to Plaintiff that the officers had received an anonymous telephone call that stated Plaintiff might have a gun in his vehicle. Plaintiff later discovered the anonymous tip came from Officer Saxe, not over the telephone but over the radio. The main officer's behavior was strange to the Plaintiff. Plaintiff felt that the officer was trying to speak secretly and did not want to alert other officers to his statements. Plaintiff felt that the officer wanted to speak with the Plaintiff alone.

33. This same officer continued by further mentioning to Plaintiff that the police found a "regular size vial" shoved under the driver seat. Plaintiff didn't know what a vial was. This officer then placed the vial in Plaintiff's hand. Plaintiff then took notice that the officer was referring to an unlabeled prescription pill bottle that one would get from the pharmacy. (clear

orange with a pop-off white cap).

34. The cap to the vial was unmarked or unlabeled, no indication of a pharmacy name, or other identifier was on the vial itself. The main officer went on to say police found or discovered a rock inside the vial. Plaintiff immediately asked the main officer if he was referring to a "crack rock" because the Plaintiff's intuition made him think they were trying to set him up for a crime. The main officer responded that it was not a crack rock but a regular outdoor like rock.

35. The Main Officer then asked the Plaintiff if he had been involved with fire arms or had any prior run-ins with the law. Plaintiff, knowing he had not broken any laws, responded truthfully, YES. Plaintiff did not elaborate on his involvement with the law, which had been more than 17 years ago (when Plaintiff was actually 17 years of age).

36. The Main Officer then told Plaintiff he was free to go. Initially Plaintiff was afraid to leave right away as this experience caused deep seeded fear in Plaintiff. Plaintiff sat in his vehicle while shaking and unable to drive initially. Since Plaintiff's release from prison in 2014 he has started a successful business and have not had any run-ins with law enforcement since then.

37. Plaintiff requested, through Freedom Of Information Act, the police reports related to his encounter that night. Plaintiff also looked into the claim of an investigation of him in February 1, 2020, regarding a fire arm. It seems Officer Saxe made the claim against Plaintiff.

38. Officer Saxe's claim was from an alleged incident over a year old. A Claim that never involved Plaintiff, Officer Saxe never interviewed Plaintiff, even though records show Officer Saxe had Plaintiff's home address. Prosecutors never charged Plaintiff with a crime involving a gun. Vice Sergeant Alcala told Plaintiff, over the telephone, that Officer Saxe

unnecessarily escalated the situation by claiming Plaintiff was investigated for guns but never informed anyone that Officer Saxe, nor any other Grand Rapids Police Officer, ever interviewed Plaintiff, that the complainant from the February 1, 2020 alleged incident did not want to pursue his allegations against Plaintiff, that charges were never brought against Plaintiff, and that the incident in question happened over a year prior to this stop.

39. There was no basis that would justify the announcement, over the police radio, that Plaintiff was known to carry firearms or investigated for carrying a concealed weapon when there was no actionable evidence the alleged incident even ever took place.

40. Vice Sergeant Alcala informed Plaintiff that there was a report by an unidentified Grand Rapids Police Officer that she witnessed a hand-to-hand exchange between Plaintiff and an unnamed person in Joe's Party Store's parking lot.

41. So far nothing has become of Officer Saxe for infusing a baseless claim that Plaintiff was investigated for a CCW by Officer Saxe before, while grossly neglecting to include material facts that would have allowed responding officers to weigh the veracity of the alleged threat and objectively determine whether to raise the status to a high risk engagement. In addition, the unidentified officer, who claimed she witnessed a hand-to-hand exchange at Joe's Party Store, and announced her allegations on the police radio, seemingly never provided any specifics over the radio that would warrant a high risk stop or a probable cause stop of Plaintiff.

## FIRST CAUSE OF ACTION
(Deprivation of Civil Rights, 42 U.S.C. § 1983)

42. Plaintiffs incorporate by reference all of the foregoing paragraphs as if fully restated herein.

43. In view of all the circumstances surrounding the foregoing incidents at Joe's Party Store at 110 Hall SW, Grand Rapids, MI 49507 and the corner of Division Ave and Cherry St in Grand Rapids, MI on March 18, 2021, a reasonable person would have believed JERMAINE DAVIS was not free to leave from an encounter with Defendant Officers.

44. The aiming of a firearm by Responding Officer and other Defendant Officers at JERMAINE DAVIS near Division Ave and Cherry St. Grand Rapids, MI on March 18, 2021, was unwarranted.

45. The immediate or quick use of handcuffs by Responding Officer and the shoving of JERMAINE DAVIS into the back of a police vehicle by Defendant Officers at Division Ave and Cherry St in Grand Rapids, MI March 18, 2021, was unwarranted.

46. In view of all the circumstances surrounding the foregoing incident at Division Ave and Cherry St in Grand Rapids, MI March 18, 2021, including, without limitation, the immediate threat of the use of firearms, the placement of JERMAINE DAVIS in handcuffs, the timing of placing him in handcuffs, the lack of any reasonable suspicion or probable cause for a warrantless search of JERMAINE DAVIS' person or vehicle, the use and/or continued or extended use of handcuffs on JERMAINE DAVIS in light of no immediate or articulable threat to the officers existing, the continued or extended use of handcuffs on JERMAINE DAVIS even after the facts and circumstances dispelled any suspicions or hunches, and the rummaging through the pockets, the lifting of the shirt, the forcing of JERMAINE DAVIS to lay down face first, and the warrantless search of JERMAINE DAVIS and his vehicle all exceeded the permissible scope of any putative *Terry* stop, as well as made the actions of Responding Officer not the least intrusive

means reasonably available to verify or dispel any suspicion or hunch.

47. The detention and continued detention of JERMAINE DAVIS, for 45-60 minutes, by Defendant Officers constituted an arrest without probable cause.

48. By reaching deeply into the pockets of JERMAINE DAVIS (while JERMAINE DAVIS was in handcuffs) and pulling out and searching the items found therein, the dispatching of the K-9 unit to search the vehicle, and entering of the vehicle by Defendant Officers without permission from JERMAINE DAVIS constitutes a warrantless search that was not premised upon probable cause, reasonable suspicion, or exigent circumstances.

49. Defendants, while operating under color of state law, have deprived JERMAINE DAVIS of the rights, privileges and immunities secured by the United States Constitution, including, without limitation, the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

50. As a direct and proximate result of Defendants' violations or deprivations of the rights, privileges and immunities of JERMAINE DAVIS that are secured by the United States Constitution, JERMAINE DAVIS has suffered damages.

**SECOND CAUSE OF ACTION**
(False Arrest / False Imprisonment)

51. Plaintiffs incorporate by reference all of the foregoing paragraphs as if fully restated herein.

52. Defendants intentionally and unlawfully confined or detained JERMAINE DAVIS within a limited area, for an appreciable time, against his will and without lawful justification.

53. In intentionally and unlawfully confining or detaining JERMAINE DAVIS, Defendants acted maliciously, in bad faith, or in a wanton or reckless manner with respect to the

rights and interests of JERMAINE DAVIS

54. As a direct and proximate of the foregoing conduct of Defendants, JERMAINE has suffered damages or, at a minimum, are entitled to nominal damages.

### THIRD CAUSE OF ACTION
(Gross Negligence MCL 691.1407)

55. Plaintiffs incorporate by reference all of the foregoing paragraphs as if fully restated herein.

56. MCL 691.1407 Sec. 7.

(2) Except as otherwise provided in this section, and without regard to the discretionary or ministerial nature of the conduct in question, each officer and employee of a governmental agency, each volunteer acting on behalf of a governmental agency, and each member of a board, council, commission, or statutorily created task force of a governmental agency is immune from tort liability for an injury to a person or damage to property caused by the officer, employee, or member while in the course of employment or service or caused by the volunteer while acting on behalf of a governmental agency if all of the following are met:

    (c) The officer's, employee's, member's, or volunteer's conduct does not amount to gross negligence that is the proximate cause of the injury or damage.

(8) As used in this section:

    (a) "Gross negligence" means conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results

57. Officer Saxe, announcing over the radio traffic an unsubstantiated claim that the driver or the owner is known to carry firearms or that he had taken complaints, not a complaint but complaints, the Plaintiff, driver of the vehicle, being CCW.

58. Officer Saxe never interviewed the Plaintiff nor has Officer Saxe discovered any evidence that would substantiate this claim. Officer Shawn Harmon followed up the allegation but received no response from the initial complainant and no charges. And yet Officer Harmon, on or around February 4, 2020, disseminated an officer safety Flyer to all sworn personnel/ECO's for officer safety purposes, but no concern for the Plaintiff's safety. The initial complainant had since abandoned pursuing their claim against someone for the alleged incident, which Officer Saxe and Harmon knew this information on March 18, 2021 as well as today.

59. An allegation that was, and is, unsubstantiated on the date of this complaint.

60. When Officer Saxe made his allegation on the radio on March 18, 2021, he demonstrated conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results.

61. When the unknown female officer provided a vague statement of a hand-to-hand. The unknown female officer demonstrated conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results.

62. Shawn Harmon was the assigned investigator of the February 18, 2020 incident where an allegation of someone brandishing a CCW (Incident Report 20-007779).

63. Officer Harmon's investigation was so grossly negligent that he closed the complaint without ever speaking with the complainant or the accused, Jermaine Davis.

64. The unknown female officer and Officer Saxe were listening to the radio communication on March 18, 2021, as GRPD Officer's tracked Plaintiff's travels from 110 Hall SE to Division and Cherry. The unknown female Officer and Officer Saxe heard the

radio comments elevating the stop to a high risk stop but offered no additional information for the safety of GRPD Officers and the Plaintiff.

65. GRPD's actions demonstrated conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results. In fact, their actions contributed to a stop that Responding Officer and other GRPD Officers presented the willingness to use deadly force by stopping the Plaintiff with their weapons drawn and aimed at Plaintiff during a stop with no probable cause or any articulable reasonable suspicion.

WHEREFORE, Plaintiff pray that the Court enter judgment in favor of the Plaintiff and against the Defendants as follows:

(1) granting compensatory damages against all Defendants in an amount to be determined at trial;

(2) granting punitive damages as well as pain and suffering suffering damages against the individual Defendants in an amount to be determined at trial;

(3) awarding Plaintiffs their attorney fees and costs pursuant to 42 U.S.C. §1988 and MCL 691.1407 Sec. 7; and

(4) granting any other relief to which Plaintiffs may be entitled in law or in equity

Date March 17, 2022

Respectfully submitted,

/s/ Tyrone Bynum
Tyrone Bynum (82427)
161 Ottawa Ave NW
Suite #309
Grand Rapids, MI 49503
(616) 608-7409

| | |
|---|---|
| **PROOF OF SERVICE** | **SUMMONS**<br>Case No. 22-02397-CZ |

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☒ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| City of Grand Rapids<br>GRPD<br>Named GRPD officers<br>Unnamed GRPD officer | 300 Monroe Ave NW<br>Grand Rapids, MI 49503 | Thursday<br>3/17/22 9:40 AM |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee<br>$ | Miles traveled Fee<br>$ | | Signature: Tyrone Bynum (P83423) |
|---|---|---|---|
| Incorrect address fee<br>$ | Miles traveled Fee<br>$ | TOTAL FEE<br>$ | Name (type or print): Tyrone Bynum<br>Title: Plaintiff Attorney |

Subscribed and sworn to before me on _____ Date, _____ County, Michigan.

My commission expires: _____ Date   Signature: _____ Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____ Attachments

on Thursday March 17, 2022 at 10:
Day, date, time

Signature: Elgart of Smul    on behalf of City of Grand Rapids
For The City of Grand Rapids

## PROOF OF SERVICE

The undersigned certifies that the foregoing *Instrument (Complaint and POS)* was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses as disclosed on the hearing on March 17, 2022 (Date)

By:  ___  Mail                     ___  Fax

     X   Hand Delivered            ___  Overnight Carrier

     ___ Federal Express            ___  Email

I declare under penalty of perjury that the statement above is true to the best of my information, knowledge, and belief.

Signature: /s/ Tyrone Bynum